BREWER, Appellant, v. ST. LOUIS TRANSIT COM-
PANY, Respondent.

St. Louis Court of Appeals, March 15, 1904.

1. **PRACTICE: Instruction.** It is not error to refuse an instruc-
tion which correctly declares the law, where another instruc-
tion, practically the same, has been given.

2. **CARRIERS OF PASSENGERS: Contributory Negligence.** In
an action by a passenger against a street railway company, for
injuries caused while standing on the front platform of de-
fendant's car, by the negligence of the motorman in letting the
brake handle fly and strike plaintiff's arm, it was not error to
refuse an instruction which authorized a recovery in spite of
the fact that plaintiff may have been negligent in placing his
arm within the radius of brake lever.

3. ———: ———: **Harmless Error.** Where the evidence tended
to show the platform was crowded, it was error to give an in-
struction which ignored the motorman's duty of anticipating
some one being within the radius of the brake, and breaking
the force of the revolutions, but the error was harmless, where
the plaintiff's evidence showed that he had ample room to keep
out of the way of the brake, where he knew the signal to start
had been given and that the brake handle would immediately
begin to revolve.

Appeal from St. Louis City Circuit Court.—*Hon. Robt.
M. Foster*, Judge.

AFFIRMED.

*D. D. Holmes* for plaintiff.

(1) The court erred in refusing instruction No.
7-P, asked by plaintiff. Said instruction informed the
jury, in substance, that if plaintiff was riding as a pas-
senger on the front platform of defendant's car, then
the defendant owed plaintiff the duty of exercising
every reasonably practicable precaution to protect

plaintiff from the dangers incident to riding on said platform. This instruction correctly stated the law. Willmott v. Railway, 106 Mo. 542. (2) The court erred in refusing to give instruction No. 8-P, asked by plaintiff. Said instruction informed the jury that even if they found that plaintiff, while riding on the front platform of defendant's car, placed his arm within the radius of the brake handle, that such fact would not of itself necessarily constitute an act of negligence, but that the jury were to judge from all the facts and circumstances of the case, as shown to exist by the evidence, whether or not plaintiff was negligent. This instruction correctly stated the law. Gordon v. Buris, 153 Mo. 235. (3) The court erred in refusing to give instruction No. 9-P, asked by the plaintiff. This instruction stated, in effect, that even if plaintiff was negligent in placing his arm within the circle in which the brake lever moved, or was negligent in not knowing that when he placed his arm within this circle he was in a place of danger, yet, if the motorman could, by the exercise of the degree of care of a very prudent person, have discovered plaintiff in a place of danger before plaintiff was struck, and, by the exercise of such care, could have avoided striking plaintiff, then defendant is liable. This instruction correctly stated the law. O'Keefe v. Railway, 81 Mo. App. 386; Zumault v. Railroad, 71 Mo. App. 681. (4) The court erred in giving instruction No. 1-D, asked by the defendant. Said instruction told the jury, in substance, that it was not the duty of the motorman to anticipate that the plaintiff would put his arm within the radius of the brake handle; that it was the duty of the plaintiff to anticipate that the brake handle would swing around with violence; that it was the duty of the motorman to look ahead to see if the track was clear, and that if plaintiff put his hand within the radius of the brake handle after it became the motorman's duty to look ahead preparatory to starting the

car, then plaintiff's injury was not caused by the negligence of the defendant. The error of this instruction is that there was no evidence on which to predicate it; that it does not state the law of the case correctly, and that it is confusing and misleading. Huelsenkamp v. Railway, 37 Mo. 553.

*George W. Easley* with *Boyle, Priest & Lehmann* for respondent.

(1) The seventh instruction asked by plaintiff was fully covered by instruction No. 2 given for plaintiff. (2) The eighth instruction was properly refused. It is negligent in one to place his arm within the radius of a brake handle, which it is a matter of common knowledge must revolve at every stop and start of the car. (3) The ninth instruction was properly refused. It omits all reference to the length of time that plaintiff's arm had been in a position of danger. It makes no allowance for the imperative duty of the motorman to keep a vigilant watch ahead when starting or running his car. Zumault v. Railroad, 71 Mo. App. 681. (4) It has never been the law that the contributory negligence of the plaintiff must be shown to be "the proximate cause of the injury." It has always been the rule that if the plaintiff's negligence "directly contributed" to the injury, that was sufficient to defeat his recovery. Moore v. Railway, 176 Mo. 528; Hornstein v. Railway, 97 Mo. App. 271. (5) If it be true that defendant's instructions 2 and 4 repealed the effect of mutual and concurring negligence, yet it seems well established that this court ought not to reverse for that reason. Hoepper v. So. Hotel Co., 142 Mo. 367.

### STATEMENT.

The suit is to recover damages for personal injuries alleged to have been caused by the negligence of defend-

ant's motorman in charge of a street car upon which plaintiff was a passenger, riding on the front platform on account of the crowded condition of the car. The particular negligence charged is that "the mortorman in the employ of the defendant, and in charge of and operating said car, negligently, recklessly and carelessly caused the brake handle on the front end of said car to strike the plaintiff on his left arm, with great force and violence, thereby greatly and permanently injuring plaintiff on his said arm, and also causing serious and permanent injuries to plaintiff's nervous system."

The answer was a general denial and a plea of contributory negligence.

Plaintiff testified that he was on the front platform and that it was crowded with passengers; that after going eight or ten blocks the man to his right, standing in the corner of the platform got off and plaintiff was forced into the corner this other man had left. To brace himself he took hold of the screen of the car with his left hand and was looking toward his right over the screen; when the signal to go ahead was given he glanced forward and at that time noticed the right arm of the motorman fly up and at the same time the handle of the brake struck him on the left arm just above the elbow joint. Witness had been standing in that position before being struck for about twenty or thirty seconds —while passengers were getting on or off the car.

*H. R. Whipple,* a witness for the plaintiff, testified that he had formerly been a motorman. For five years and a half he had operated a brake like the one described in defendant's answer. Witness testified that with a crowded car such as had been described, the brake wound up, the car stopped, that it would be customary to let the brake off easily and to hang on to the brake handle. Witness said one could give the brake handle

a jerk and throw up your hand and let it unwind itself; that by hanging on to the brake handle it would not be possible to injure anyone. Witness said that when he was a motorman he had often been so crowded that he had to push people away from the brake handle before letting it off.

For the defendant, the motorman in charge of the car testified that just as the signal to start was given, the plaintiff stepped forward between the brake and the screen and looked around to see if the passengers were getting on, and as he stepped forward the brake handle caught him on the arm. Witness let the brake handle loose one turn and then let it fly, that when he let it loose there was no one in the way, each man was standing back. Plaintiff had his right hand on the screen and his left hand in his coat pocket. Witness stated that with a man standing behind the brake with his back to the car, the brake would have a distance of two or three feet in which to revolve without touching anyone. Witness had seen two or three persons at once in this corner without being struck. He was not crowded that morning.

*M. T. Clark,* a passenger on the platform, testified that he was a passenger on the front platform of the car in question. He was standing next to plaintiff on his left. When the car stopped he noticed plaintiff looking out as if to see the cause of the delay, and while looking out the signal to go was given and the car went on and plaintiff turned around and came in contact with the brake handle. Witness did not notice plaintiff particularly. He was next to plaintiff and as plaintiff turned around the only thing witness knew was that plaintiff was holding his arm and had been struck with the brake. Witness thinks the brake lever was in motion when plaintiff turned around.

*Robert Phillips* testified that there were only three persons on the platform at the time plaintiff was injured.

A blue print plat of the platform was exhibited in evidence. It showed the platform to be six feet, six inches long across the front end of the car. It showed the front of the platform curved, the width in the center forty-seven and three-fourths inches and at the edges on each side thirty-seven inches. The brake staff was shown to be set in the platform from the right hand edge a distance of nineteen inches, and from the dashboard, or front edge of the platform, a distance of twelve inches. The brake handle on the end of the brake staff was shown by the plat to be fourteen inches long, describing a circle of twenty-eight inches. The position of the controller box, back of which the motorman stands, was indicated to the left of the brake staff. The plat was drawn on a scale of one and one-half inches to the foot.

Plaintiff asked the witness who made the measurements and the plat of the platform, to make a drawing of the exact size of the platform on the floor in front of the jury. On an objection made by defendant the court stated: "The question is whether or not the jury can get a fair idea of the size and measure of the platform. They have the blue print, and if they want any other measurement put on them you can ascertain what they are. Of course you can ask him anything about the blue print you see fit." And refused the request of the plaintiff, to which he objected and excepted at the time.

The court gave the following instructions for plaintiff:

"1. If the jury believe and find from the evidence the following facts, to-wit, that on or about the second day of January, 1903, plaintiff was a passenger on one of the defendant's east bound Spring avenue cars; that the plaintiff, in the exercise of ordinary care, was rid-.

ing on the front platform of said car and that when said
car reached the intersection of Twentieth street and
Biddle street, in the city of St. Louis, the motorman in
the employ of the defendant and operating said car,
negligently caused the brake handle on the front end of
said car to strike plaintiff on his left arm with great
force and violence, thereby causing the injuries to plain-
tiff complained of, then your verdict should be for the
plaintiff, provided the plaintiff himself was, at the time,
exercising that care which an ordinarily prudent person
would have exercised to avoid being injured.

"2. The court instructs the jury that if they be-
lieve and find from the evidence that the plaintiff was
a passenger on defendant's car as alleged in the peti-
tion, then in that event the defendant owed to the plain-
tiff, while plaintiff was a passenger on said car, the duty
of managing and operating its said car, with the highest
degree of care of a very prudent person in view of all
the facts and circumstances at the time of the alleged in-
jury, and the defendant is liable to the plaintiff for any
omission of such care, if such omission resulted in in-
jury to the plaintiff, and if the plaintiff was at the time
of the injury acting with ordinary care to avoid being
injured, and if from the evidence in this case the jury
believe that the plaintiff, while a passenger on the de-
fendant's car, received an injury resulting from the neg-
ligence of the defendant, or its servant, as set forth in
instruction No. 1, then your verdict should be for the
plaintiff.

"3. The court instructs the jury that with respect
to the charge of contributory negligence on the part of
the plaintiff, the burden of proof is on the defendant,
and unless the defendant proves to their satisfaction by
a preponderance of the evidence that plaintiff was neg-
ligent and that such negligence and not the negligence
of the defendant was the proximate cause of the injury,

they should not find him guilty of contributory negligence.''

And gave the following for defendant:

''1.   It was not the duty of defendant's motorman to anticipate that plaintiff would put his arm within the radius of the brake handle.   On the other hand, it was the duty of the plaintiff to anticipate that the brake handle would swing aroung with violence, when the car was started.   It was the duty of the motorman just before starting the car to look ahead to see if the track was clear.   If you find from the evidence that plaintiff put his arm within the radius of the brake handle after it became the duty of the motorman to look ahead preparatory to starting the car, then plaintiff's injury was not caused by the negligence of defendant and plaintiff can not recover.

''2.   Even if you should find from the evidence that the defendant's servant was negligent in the manner specified, still plaintiff can not recover if he was negligent, and such negligence contributed to his own injury.   There is a difference between a plaintiff's and a defendant's negligence in relation to an injury.   It is this:   Defendant's negligence, if any, must be the sole proximate cause of the injury, whereas plaintiff's negligence, if any, need not be the proximate cause of the injury, for it defeats a recovery if it but contributes directly, in any manner, to the injury.   If plaintiff and defendant both were negligent and such negligence concurred in producing the injuries complained of, then plaintiff has no case and your verdict shall be for defendant.

''3.   The court instructs the jury that if the plaintiff knew, or by the use of ordinary care might have known, that the car was about to be set in motion, then he must also have known that the brake handle had to revolve in its circle, and if he then placed his arm within

its circle, he is not entitled to recover and your verdict shall be for the defendant.

"4. The court instructs the jury that if you believe from the evidence that the injury complained of was caused by the mutual and concurring negligence of the plaintiff and the defendant's motorman, and the injury would not have been caused if the negligence of the one had not concurred with the negligence of the other, then the plaintiff can not recover and your verdict shall be for the defendant."

The court gave proper instructions defining proximate cause, burden of proof and ordinary care.

The verdict and judgment were for the defendant. Plaintiff appealed.

BLAND, P. J. (after stating the facts as above).— 1. Refused instruction No. 7, asked by plaintiff, and instruction No. 1, given for him, are practically the same and for this reason instruction No. 7 was properly refused.

2. Refused instruction No. 8 is not the law as it would authorize a recovery by plaintiff in spite of the fact that he may have been negligent in placing his arm within the radius of the brake lever.

3. Plaintiff's refused instruction No. 9 sought to apply the last fair chance doctrine to the facts of the case. It is possible the instruction should have been given; but if its refusal was error, the error was non-prejudicial as will appear further on.

4. Complaint is made of instruction No. 1 given for defendant. We think the instruction is open to criticism. It ignores the duty of the motorman to pay attention and have some regard for the safety of passengers on his platform. If, as the evidence of the plaintiff tends to show, the platform was in a crowded condition, then the motorman should have anticipated the probability of someone being within the radius of the brake

handle and should have broken the force of its revolutions, as the evidence tends to show he could have done. But the plaintiff's own evidence shows that he was in the right-hand corner of the platform. The measurements of the platform show that he had ample room to keep out of the way of the brake handle. He knew the handle was there, knew a signal had been given for the car to start and knew the brake handle would immediately begin to revolve, yet he placed his arm within its radius. It was his duty under the circumstances to have kept out of the way of the brake handle, which the evidence clearly shows he could have done had he exercised any care whatever for his own safety. He is in the situation of having negligently placed his arm in a place of known danger and for this reason is not entitled to recover, and any instructions for defendant, however erroneous, will not warrant a reversal of the judgment. Moore v. Railway, 176 Mo. 528.

The judgment is affirmed. *Reyburn* and *Goode, JJ.*, concur, the latter on the ground that the instructions fairly presented the issues.